IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-731-RJC-DCK

| | |
|---|---|
| PAPA G VITALIA, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>EXPERIAN INFORMATION SOLUTIONS, )<br>INC., TRANS UNION, LLC, EARLY )<br>WARNING SERVICES, LLC AND USAA )<br>FEDERAL SAVINGS BANK, )<br>)<br>**Defendants**. )<br>) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Early Warning Services, LLC's Motion To Dismiss Plaintiff's Complaint" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Papa G Vitalia ("Plaintiff" or "Vitalia") initiated this action with the filing of a "Complaint" (Document No. 1) on November 3, 2023. The Complaint alleges causes of action against TransUnion, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Early Warning Services, LLC ("Defendant" or "EWS"), and USAA Federal Savings Bank ("USAA"). EWS responded with its pending " . . . Motion to Dismiss Plaintiff's Complaint" (Document No. 11) on January 2, 2024. Plaintiff's "Response to Motion To Dismiss" (Document

No. 27) was filed on January 26, 2024. Defendant's " . . . Reply Brief In Support Of Its Motion To Dismiss Plaintiff's Complaint" (Document No. 37) was filed February 2, 2024.

The Complaint alleges that "EWS willfully and recklessly or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b)" of the Fair Credit Reporting Act (FCRA). (Document No. 1, p. 15). Plaintiff alleges that "EWS knew, or had sufficient reason to know, that when it prepared and sold a consumer report about Plaintiff, the information it circulated was extremely inaccurate and damaging to Plaintiff." Id. at 15. "Between Winter of 2021 and Summer of 2022," Plaintiff alleges that he "disputed the inaccurate trade lines in his credit report published by EWS several times." Id. at 6. Plaintiff claims that "[i]nitially, EWS blocked the information reported by USAA based on Plaintiff's dispute," but "[o]n October 21, 2022, EWS reinserted into the Plaintiff's credit report the inaccurate USAA trade line information that it had previously removed." Id. According to Plaintiff, "EWS is currently still reporting this inaccurate information concerning the USAA tradeline, despite the fact that USAA initially acknowledged fraud." Id. at 9.

In his Complaint, Plaintiff attributes the alleged misinformation on his credit reports to "a fraudster named John Daley Strothers using the pseudonym 'Giovanni Daliente Strassini'" and alleges that John Daley Strothers ("Strothers") has "used the Plaintiff's identification for accounts stretching back into the 1990s." (Document No. 1, p. 4). Plaintiff alleges in his Complaint that "[t]he FBI informed the Plaintiff that Strothers was committing fraud in the Plaintiff's name," and "[t]he FBI eventually arrested Strothers and a jury convicted [Strothers] of crimes related to his pseudonym Strassini on February 14, 2018."[1] Plaintiff alleges that after Strothers was released on

---
[1] Plaintiff cites USA v. Strothers, 2018 WL 4550395, (W.D.N.C. Sept. 20, 2018), aff'd, United States v. Strothers, 777 F. App'x 695, 696 (4th Cir. 2019).

2

bond, he "disappeared" and "continues to commit fraud in the Plaintiff's name." Id. at 4. The undersigned notes that significant factual dispute exists between the parties regarding the identity of Strothers and his relationship to this case.

Plaintiff alleges a number of injuries, which he attributes to actions taken by EWS. Specifically, in the "Summer of 2022," Plaintiff alleges that PNC Bank, N.A. ("PNC") "denied a credit extension to . . . Plaintiff based on misinformation reported on the Experian and EWS reports," and later, when Plaintiff attempted to open a bank account with PNC, "PNC denied the Plaintiff's request based on the misinformation in the Experian and EWS reports." (Document No. 1, p. 7–8). Additionally, "[a]round the same time [in] 2022," Plaintiff "attempted to obtain an extension of credit" with Bank of America ("BofA") and alleges BofA "denied [Plaintiff] a credit extension . . . based on the misinformation reported on the Experian and EWS reports . . ." Id. at 8. Later, in the "Fall of 2022," Plaintiff alleges that he "attempted to obtain an extension of credit with Wells Fargo Bank, N.A.," but that Wells Fargo ("WF") "denied a credit extension to the Plaintiff based on the misinformation reported on the Experian and EWS reports . . ." Id.

Plaintiff alleges that as a result of all Defendants' actions, he has suffered "actual damages in the form of financial and dignitary harm (for example, decreased credit limit and embarrassment in front of his lender) and emotional distress arising from the injury to credit rating and reputation, and he will continue to suffer the same for an indefinite time in the future all to his detriment and loss." (Document No. 1, p. 9). Plaintiff further alleges "[a]s a direct and proximate result of EWS's actions as alleged . . . Plaintiff has suffered . . . damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorney's fees together with the costs of this action pursuant to 15 U.S.C. § 1681o." Id. at 15–16.

This matter is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

4

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The FCRA imposes various requirements on credit reporting agencies, including providing accurate information, correcting inaccurate information, and conducting reasonable investigations after receiving a notice of a dispute from a consumer over the consumer's credit reports. Peoples v. Equifax Info. Sols., No. 3:23-cv-495-MOC-DCK, 2023 WL 6883650, at *2 (N.C.W.D. Oct. 18, 2023) (citing Perez v. Experian, 2021 WL 4784280, at *5 (S.D.N.Y. Oct. 14, 2021)). Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The Fourth Circuit has explained that "a consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy. Dalton v. Capital Associated Industries, Inc., 257 F.3d 409, 415 (4th Cir. 2001) (citing Guimond v. Trans Union Credit Information Co., 45 F. 3d 1329, 1333 (9th Cir. 1995)).

In its " . . . Motion To Dismiss . . ." (Document No. 11), Defendant moves this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In its " . . . Memorandum In Support Of Its Motion To Dismiss . . ." (Document No. 12), Defendant asserts three arguments in favor of its contention that Plaintiff has not successfully asserted a claim under 15 U.S.C. § 1681e(b): (1) "Plaintiff fails to allege facts sufficient to show that EWS provided an inaccurate consumer report"; (2) "Plaintiff fails to allege any facts regarding EWS's procedures"; and (3)

"[a]ny alleged credit damages Plaintiff attempts to attribute to EWS necessarily fails because EWS did not provide 'credit' reports." See id.

In its motion, Defendant first argues that Plaintiff has "failed to plead facts" to support its contention that Defendant prepared a report containing inaccurate information. (Document No. 12, p. 7). Defendant contends that "Plaintiff does not allege what information EWS reported that was inaccurate," and "[i]nstead, [Plaintiff] only alleges in a conclusory manner that Experian and EWS reports included 'misinformation.'" Id. Defendant cites to Jackson v. Early Warning for the principle that "[w]ithout further factual allegations [regarding what information was inaccurately reported and by which Defendants], the Court is not obligated to accept [Plaintiff's] conclusory statement that the information in his credit files was inaccurate." Id. at 8 (quoting Jackson v. Early Warning, 2016 WL 520947, at *5 (D. Md. Feb 5, 2016)).

Second, Defendant argues that "Plaintiff's Complaint should be dismissed for the independent reason that Plaintiff fails to allege any facts that any alleged inaccuracy was caused by EWS's failure to follow reasonable procedures." (Document No. 12, p. 8). Defendant contends that because "[t]he FCRA is not a strict liability statute . . . merely reporting inaccurate information . . . is not sufficient to state a claim under section 1681e(b)." Id. (citing Hill v. Equifax Info. Servs., LLC, 974 F. Supp. 2d 865, 875 (M.D.N.C. 2013)). Defendant further argues that "Plaintiff alleges no *facts* regarding which procedures EWS followed and how they were unreasonable and there are no alleged facts regarding what EWS did or did not do to assure accuracy of Plaintiff's alleged reports." Id. (emphasis in original).

Finally, Defendant contends that "Plaintiff's allegations that he was denied *credit*" are "nonsensical" because "EWS does not provide *credit* reports to any of [the entities which Plaintiff alleges denied him extensions of credit]." (Document No. 12, p. 9) (emphasis in original).

6

Defendant argues that "[t]o the extent EWS furnished Plaintiff's information on a consumer report, Plaintiff has failed to allege what *credit information* EWS reported that could have possibly caused any credit denials by [WF, BofA, or PNC]." Id.

In response, Plaintiff argues that his claim should survive Defendant's motion because Plaintiff has sufficiently pleaded "(1) the credit report contains inaccurate information; and (2) [EWS] did not follow reasonable procedures to assure maximum possible accuracy." (Document No. 27, p. 8) (citing Soutter v. Equifax Info. Servs., LLC, 498 F. App'x 260, 264 (4th Cir. 2012)). Plaintiff contends that "[t]he complaint only needs to allege facts that meet those two elements and the damages element" to adequately state a claim under the FCRA. (Document No. 27, p. 8). Regarding the first element, Plaintiff argues that he has "pleaded that information published about him on the EWS credit report was, and is, inaccurate." Id. at 9. Plaintiff specifically points to his allegation that "Plaintiff disputed the inaccurate trade lines in his credit report published by EWS several times," and "EWS blocked the information reported by USAA based on the Plaintiff's dispute," but "[o]n October 21, 2022, EWS reinserted into Plaintiff's' credit report the inaccurate USAA trade line information that it had previously removed." Id. 8–9 (quoting Document No. 1, p. 6).

Regarding the second prong, Plaintiff argues in his response that "EWS's procedures cannot be reasonable when it learns that information is false, removes it, then reinserts it." (Document No. 27, p. 10). Plaintiff contends that "[w]hen a CRA publishes inaccurate information after being apprised of its inaccuracies, it is self-evident that the procedures employed by the CRA are unreasonable." Id.

Additionally, in its response (Document No. 27), Plaintiff responds to Defendant's third argument that Defendant "did not report any *credit account* information relating to Plaintiff."

7

Case 3:23-cv-00731-RJC-DCK    Document 45    Filed 08/02/24    Page 7 of 11

(Document No. 12, p. 9). Plaintiff argues that Defendant "has admitted that it is a CRA and this admission was confirmed by a federal court," and Plaintiff goes on to cite several cases which treat EWS as a consumer reporting agency. (Document No. 27, p. 12–13). Further, Plaintiff contends that he has sufficiently alleged that EWS provided "credit reports" "to prospective lenders on [Plaintiff's] creditworthiness, including PNC Bank . . . Bank of America . . . Wells Fargo . . . as well as Wood Forest Bank, Synchrony Bank, Comenity Bank, auto loans, and rentals applications." Id. at 13.

Finally, Plaintiff argues in his response that "EWS does not move to dismiss any claims based on reinsertion pursuant to 15 U.S.C. § 1681i(a)(5)." (Document No. 27, p. 17). Plaintiff contends that "[r]einsertion was pleaded in the Complaint" in Plaintiff's allegation that "[o]n October 21, 2022, EWS reinserted into the Plaintiff's credit report the inaccurate USAA trade line information that it had previously removed." Id. (citing Document No. 1, p. 6). Thus, Plaintiff argues, "the Complaint should not be dismissed *in toto* against EWS based on EWS's 12(b)(6) motion . . ." (Document No. 27, p. 17).

In reply, Defendant reiterates its argument that "EWS did not report on *credit* related to Plaintiff." (Document No. 37, p. 7). Defendant contends that "to the extent Plaintiff is claiming damage to his *credit*, impact on his ability to obtain employment, or impact on his ability to obtain car insurance—EWS does not provide reports to entities that use EWS reports in connection with those determinations." Id (emphasis in original). Defendant argues that "the *only* information EWS would have reported on Plaintiff would have been related to deposit accounts"; therefore, "Plaintiff's allegations regarding his attempts to obtain 'credit' with PNC, Bank of America, and Wells Fargo cannot be tied to EWS because EWS *did not report on credit*." Id. (emphasis in original).

Defendant further argues in its reply that that "it cannot be reasonably disputed that Plaintiff's Complaint asserts only a single claim against EWS under § 1681(b)." (Document No. 37, p. 7). Defendant contends that Plaintiff has not stated a claim under 1681i(a)(5) because the Complaint "does not allege that EWS *removed* information or *deleted* information based on Plaintiff dispute and then reinserted it, which is a pre-requisite to a reinsertion claim." Id. at 8 (emphasis in original) (citing Mitchell v. Experian Info. Sols., Inc., 2023 WL 2990479, at *7–8 (E.D.N.Y. Apr. 18, 2023)).

The Court will first address the first prong of the Fourth Circuit's § 1681e(b) analysis: whether Plaintiff has sufficiently pleaded that the "consumer report contains inaccurate information." Dalton, 257 F.3d at 415. Regarding the accuracy prong, the Fourth Circuit has explained that "[t]o make out a violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." Dalton, 257 F.3d 409, 415. "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to have an adverse' effect." Id. (quoting Sepulvado v. CSC Credit Servs., 158 F.3d 890, 895 (5th Cir. 1998)).

Here, taking the record as a whole, the undersigned finds Defendant's position more persuasive. Plaintiff's Complaint simply repeats the conclusion that "his credit report published by EWS" contained "inaccurate trade lines." (Document No. 1, p. 6). Plaintiff continues to allege that Defendant reported "extremely inaccurate" information about Plaintiff, that it published "inaccurate accounts," and that it "maintained" a "grossly inaccurate credit file" on Plaintiff. (Document No. 1, p. 15). Plaintiff "alleges nothing more than vague and conclusory statements" and "lacks any concrete factual allegations regarding reporting of any inaccurate credit information." Peoples, 2023 WL 6883650, at *2. Without further factual allegations to this effect,

the Court is "not obligated to accept [Plaintiff's] conclusory statement that the information in his credit files was inaccurate." Jackson, 2016 WL 520947, at *5 (citing E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). Viewing the Complaint in the light most favorable to Plaintiff, the undersigned finds that the Complaint lacks sufficient factual content to support a plausible claim against Defendant and will respectfully recommend that Defendant's " . . . Motion To Dismiss . . ." (Document No. 11) be granted. See Iqbal 556 U.S. at 678. Because the undersigned finds that Plaintiff has failed to adequately plead the first element of the Fourth Circuit's § 1681e(b) analysis, the undersigned will respectfully decline to reach Defendant's other arguments.

Regarding Plaintiff's assertion that he has also asserted a claim for improper reinsertion pursuant to 15 U.S.C. § 1681i(a)(5), the undersigned finds that this potential claim also fails to satisfy the minimum pleading standard under Rule 8. "As under § 1681e(b), a consumer alleging a violation of § 1681i, must first show that his credit file contains inaccurate or incomplete information." Peoples, 2023 WL 6883650, at *2 (citing Perry v. Toyota Motor Credit Corp., 2015 WL 6159473, at *4 (W.D.Va. Jan. 25, 2019)) (internal quotation marks omitted). "Consequently, without pleading an inaccuracy, Plaintiff does not have a valid claim under either § 1681i or § 1681e(b)." Id. Because the undersigned concludes that Plaintiff has failed to sufficiently plead inaccuracy under § 1681e(b), he has also failed to state a claim against Defendant under § 1681i.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Early Warning Services, LLC's Motion To Dismiss Plaintiff's Complaint" (Document No. 11) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed:   August 2, 2024

David C. Keesler
United States Magistrate Judge