IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-731-RJC-DCK

| | |
|---|---|
| PAPA G VITALIA, | ) |
| Plaintiff, | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| v. | ) |
| TRANS UNION, LLC, et al., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss For Failure To Prosecute" (Document No. 52) filed by Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union") (collectively, "Defendants"). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Papa G Vitalia ("Plaintiff" or "Vitalia") initiated this action with the filing of a "Complaint" (Document No. 1) on November 2, 2023. The Complaint alleges causes of action against Trans Union, Experian, Early Warning Services, LLC ("EWS"), and USAA Federal Savings Bank ("USAA"). On August 22, 2024, the Honorable Robert J. Conrad, Jr. dismissed Plaintiff's claims against EWS. (Document No. 48).

In an Order (Document No. 54) entered January 7, 2025, Judge Conrad granted "Defendant USAA Federal Savings Bank's Motion For Judgment On The Pleadings" (Document No. 38). In the January 7 Order, Judge Conrad observed "that no response or any other filing has been made

by Plaintiff in this case since February 9, 2024—the day his attorney withdrew from representation." (Document No. 54).  Judge Conrad further observed that "Plaintiff's former counsel…withdrew pursuant to Rule of Professional Conduct 1.16 and provided the Court Plaintiff's last known address…Since then, at least three documents mailed to Plaintiff have been returned as undeliverable."  Id.  Judge Conrad stated that "Plaintiff's failure to make any filing with the Court since at least February 2024 or to keep the Court apprised of any changes in his mailing address suggests that Plaintiff may have abandoned his claims."  Id.

On December 27, 2024, Defendants filed a "Motion To Dismiss For Failure To Prosecute" (Document No. 52) and supporting Memorandum Of Law (Document No. 53).  On January 13, 2025, the undersigned issued an Order (Document No. 55) in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), directing Plaintiff to file a response to the "Motion To Dismiss For Failure To Prosecute" (Document No. 52) and informing Plaintiff that failure to respond may result in dismissal of the Complaint.  (Document No. 55).  Plaintiff declined to file a response in opposition to Defendants' pending Motion To Dismiss, and the time to do so has now lapsed.  See (Document No. 55).

This matter is now ripe for review and a recommendation to the presiding District Judge.

## II.  DISCUSSION

Defendants move to dismiss Plaintiff's action with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Document No. 52).  Defendants assert "Plaintiff has taken no action to advance this case or respond to any communication from this Court since withdrawal of his counsel."  (Document No. 53, p. 2).  Defendants further assert that "[i]n an attempt to advance the case, Experian sent the United States Postal Service a Request for Change of Address or Box Holder Information ("Request") for Papa G. Vitalia on September

20, 2024." Id. at p. 3.  Defendants assert that "Experian received a response to this Request on October 29, 2024, informing Experian that Plaintiff 'moved and left no forwarding address.'" Id.

Defendants contend:

> In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction.

Id. at p. 4 (citing Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Defendants argue "[e]ach of these factors suggest that dismissal is appropriate in this matter." Id. Defendants assert "Plaintiff has not participated in this matter since January 2024, when he was still represented," and "[i]n the time since, the plaintiff has: (a) failed to retain new counsel, (b) failed to make any filings with the Court since the withdrawal of counsel, and (c) failed to update the Clerk as to his change of address." Id. Defendants contend "[e]ach of these failures was within Plaintiff's sole control and responsibility," and "Plaintiff's failure to participate in this action is prejudicial to Defendants." Id. at pp. 4–5. Defendants contend "[t]he fact that the conduct described is not limited to an isolated event, but rather includes a series of failures to participate in this action over a span of nearly twelve months, establishes a pattern of dilatory behavior," and "while less drastic measures might ordinarily be appropriate, the inability to contact Plaintiff and the Court's indication that Plaintiff may have abandoned his claims, make this matter ripe for dismissal due to lack of prosecution." Id. at p. 5.

In light of Defendants' persuasive arguments and Plaintiff's longtime failure to participate in this case, the undersigned agrees that dismissal is appropriate.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion To Dismiss For Failure To Prosecute" (Document No. 52) be **GRANTED**.

## IV. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 6, 2025

David C. Keesler
United States Magistrate Judge